UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KYLE JAMES HARRIS, | ) | Case No. 1:11CV384 |
| Petitioner, | ) ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | Magistrate Judge George J. Limbert |
| MDC BROOKLYN, et al., | ) ) | REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| Respondents. | ) ) ) | |

On February 23, 2011, Kyle James Harris ("Petitioner"), *pro se*, filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. §2241. ECF Dkt. #1. As grounds for the petition, Petitioner asserts that he was subjected to adverse and unconstitutional conditions of confinement at the Federal Corrections Institution at Elkton ("FCI Elkton"), where he was incarcerated. The matter was referred to the undersigned by automatic reference on March 29, 2011.

On April 25, 2011, the Court received a handwritten letter from the Petitioner. ECF Dkt. #6. In the letter, Petitioner asked the Court to dismiss the petition, claiming that dismissal of the petition would stop the alleged retribution he was suffering at FCI Elkton as a result of filing the above-captioned action. Then, on May 2, 2011, Petitioner filed notice of change of address, stating that he was transferred to the Federal Corrections Institution at Yazoo. ECF Dkt. #5. In the notice, Petitioner writes, "I am also requesting to know about the (2) 2241 Habeas Corpus[1] [sic] on two incident reports that the Northeast Region refused to give depositions on. Thank you for your time and hopefully I can have this hearing on the following 2241 so I could receive lighter sanctions of my two previous incidents officers lied on." Id. Consequently, it appears that Petitioner no longer

---

[1]Petitioner currently has another case predicated upon 28 U.S.C. §2241 pending in the Northern District of Ohio, 1:11CV619 (J. Polster). A third 28 U.S.C. §2241 case, 1:11CV202 (J. Pearson), was dismissed on March 24, 2011.

seeks a dismissal of this case.

28 U.S.C. §2241 is reserved for challenges to the execution of a sentence, such as the computation of parole or sentence credits, and may not be used to challenge the validity of a conviction or the conditions of confinement. *Rae v. Luttrell*, No. 95-5453, 1996 WL 47104, at *1 (6th Cir. Feb. 5, 1996), citing *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir.1979). The appropriate action to challenge such conditions is to file a civil rights complaint.[2]

Accordingly, the undersigned recommends that the Court DISMISS the instant petition pursuant to 28 U.S.C. §2243. Further, the undersigned recommends that, pursuant to 28 U.S.C. §1915(a)(3), an appeal from this decision could not be taken in good faith.


Date: May 27, 2011          */s/George J. Limbert*
                            GEORGE J. LIMBERT
                            UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

[2]To file a civil rights action, petitioner would be required to file a prisoner account statement so that the court would have sufficient financial information to assess and collect the $350 filing fee. 28 U.S.C. §1915; *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).